Curia, per Butler, J.
After a full developement of the facts- in this1 case, it was very properly conceded, on the part of the defendant’s counsel, that the plaintiff was entitled to recover on his title, and have a judgment of eviction against all persons in possession of the land, unless the defendant can protect himself under the proceedings in dower.
William Richards had no title in the land at the time these proceedings were instituted, nor at the time when the land was sold under the judgment that had been entered up on the sum assessed to the widow in lieu of her dower. That assessment, if it was the subject of a legal judgment, was not made against the owner of the land, but was a sum of money due under the proceedings, by the party to the proceedings. It could not operate as a judgment .against any one else. Richards was a naked trespasser, and voluntarily placed himself in a situation that subjected .him to liability. His object then was to defeat the plaintiff’s title, by taking and holding possession of the land under a fraudulent deed ; and now he, or rather his vendee, contends that the owner of the land must abide by the consequences of his wrongful acts, notwithstanding 'he had no opportunity to defend himself *166 against them; that is, Richards allowed a judgment to go against him, and says that the plaintiff’s land was rightfully sold to satisfy it. Where judgments of different dates are entered up against the same individual, a sale under a junior judgment may be referred to the older judgment for its validity, because the older judgment would take the money. But here the judgment in dower, as it is termed, is against William Richards, and of course could, by its owu purport, only bind his property; while the judgment held by the plaintiff was against Lester Richards, and, therefore, bound his property from the time of its date. The sale made under one cannot be referable to the other, without confounding rights which are wholly separate in their nature. When the defendant refers to the chain of his title, he must look to the judgment against William Richards as one of its links; and what is that judgment by its very terms ? It is a judgment against the goods and chattels and lands of William Richards, for the payment of a certain sum due by him. By its very terms it limits the authority of the execution under it, and is confined in its operation to the property of the defendant in it.
But it may be contended, that although William Richards had no interest in the land, he, nevertheless, was in possession, at the time the widow was conducting, and after she had finished, her proceedings in dower; and that, therefore, he was a competent party through whom the proceedings might be consummated, for the purpose of binding the heirs, or other persons holding under Lester Richards.
Our Act of Assembly, passed in 1786,* providing a mode for the admeasurement of dower, mainly contemplates a case where land has been cast by descent on the heir. In such case, a minor heir, being represented by guardian, is bound by the result of the proceedings. The concluding part of the 2d. section may include others besides the heir; and in practice, I believe, it has been so regarded. The language is as follows; where the land cannot *167 “ be fairly and equally divided without manifest disadvantage, then they, (the commissioners) or a majority of them, as aforesaid, shall assess a sum of money, to be paid to the widow in lieu of her dower, by the heir at law, or such other person or persons who may be in possession of the land.” The words “such other persons,” may refer to the guardians and representatives of minor heirs before mentioned; or they may include all that are on the land in their own right; as purchasers, for instance. In such cases there is nothing unreasonable in making the parties thus situated, with proper notice, abide by the decision of the commissioners. The Act never could have contemplated a case in which proceedings against a naked trespasser would be conclusively binding on the true owner, who was a stranger to the proceedings. And in any view, the assessment is to be in lieu of dower ; that is, when it is paid, it is in discharge of the claim of dower.
There might be cases in which the heir or purchaser, being insolvent, could not pay the sum assessed. In such case the widow would have a clear right to fall back on her absolute right in the land, which can neither be defeated by the alienation of the husband, nor by the insolvency of the purchaser. She would have the option to take the personal obligation of the party, and might sue on it and recover judgment; but if she were to do so, she would have to stand on the footing of all other judgment creditors, quoad her judgment.
Then, taking the case before us in the strongest point of view, the widow accepted from William Richards a judgment on him, in lieu of her dower; and under that judgment she has received her money. The land stands discharged from any further claim on her part, unless the defendant could compel her to pay it back; and should that be done, she would be remitted by the lex postliminii to her former rights, and would be placed in a situation to compel the owner of the land to satisfy her claim under the requisition of the law.
The defendant, I presume, is an innocent purchaser, and is, no doubt, entitled to every indulgence. In Equity, he may, perhaps, require the plaintiff to remunerate him to *168 the.extent of the widow’s dower, upon the ground that it has been discharged for his benefit. In this point of view, it is possible he may be subrogated to the rights of the widow. These are, however, somewhat conjectural views, and cannot interfere with the legal aspect of the case as it must be regarded in a court of law.
The plaintiff having established a paramount title to the land, has a right to his writ of habere facias pos-sessionem against all persons who may be upon it, leaving them to adopt such measures as they may think proper, to obtain indemnity. We have every assurance, however, that the plaintiff will do full justice, to the extent of any ultimate liability to which he ought to be subjected. Motion refused.
O’Neall, EvaNS, Wardlaw and Frost, JJ. concurred.

4 Stat. 742.